156

## Steinhauser v. Morrow et al.

*Benjamin L. Steinberg*, for plaintiff; *Edward C. Boyle*, for defendants.

MACFARLANE, P. J., September 16, 1933.—The plaintiff is a taxpayer and elector of the City of Pittsburgh and the bill is on behalf of herself and all other taxpayers and electors of the city who may desire to join. It is charged that the board of registration commissioners proposes to strike names of many electors from the registers of voters by a secret determination, without hearing or an opportunity afforded to persons affected of being heard; that it is intended arbitrarily and illegally to strike the names from the books. It is averred that there will be no opportunity to learn of the action of the commissioners until the electors present themselves for the purpose of voting at the primary election. The prayer is for a preliminary injunction restraining the board from altering the registers except after public hearing in a public place, with notice to the persons whose names are to be removed.

We are not concerned with the provisions of the Act of July 24, 1913, P. L. 977, sec. 15, as amended by the Act of June 18, 1915, P. L. 1027, sec. 1, relating to the rights of citizens to apply to the commissioners for correction of the action of the registrars, except to note that it is provided that the hearing before the commissioners shall be public and that there is a right of appeal to the court of common pleas, while the latter part of the act relating to investigation by the commissioners on their own motion contains no provision for an appeal.

The commissioners are given the power to investigate on their own motion any irregularities in registration "and shall have power to summon witnesses, to examine them under oath, to require the production of the books and papers of the registrars, and to correct the registers by striking off names which they may find to be improperly registered. The commissioners shall have authority to summon such number of registrars as, in their judgment, may be necessary to assist them in carrying into effect the provisions of this section."

It is also provided that all witnesses shall receive a specified witness fee; and that when witnesses so subpœnæd shall have entered their appearance on the day or days set for the hearing or hearings, the petitioner shall pay the witness fees. "Witnesses summoned to attend hearings called by the Registration Commissioners, of their own volition, shall be entitled to the same rate. . . ."

It is, to say the least, most unfortunate that this statute has not been amended. The days fixed for registration are so near the primary election that rights of appeal are practically useless. Further, it does not give the commissioners sufficient time to make an investigation and to act, and especially it does not give the citizen an opportunity to have mistakes corrected before the primary. Legislation for permanent registration could cure these evils, or amendments could correct them.

We are confronted with the problem of interpreting an almost unworkable act. We do not attempt to lay down a hard and fast code of conduct. We have arrived at our conclusions after a conference with counsel. Both sides have shown a commendable spirit of fairness and an endeavor to find a solution of the difficulty.

The commissioners are a legal tribunal, are sworn officers, and are required to proceed in a due and proper mode and decide on sufficient evidence: Patterson et al. v. Barlow et al., 60 Pa. 54, 83. They have information involving residence, payment of taxes with the money of persons other than the electors, fictitious names, and other things involving the qualification of voters. It is right that there be a separation of the qualified electors from the unqualified. This cannot be done upon a secret investigation. The law is plain that there must be public hearings in a public place and after notice.

The claim of the bill is that notice must be given to the persons whose names are to be removed. It is fundamental that no one should be deprived of a right without an opportunity to be heard, but this does not necessarily mean without a personal service upon the individual.

In 1931, the board struck off the names of thousands of persons. On election day, hundreds of qualified electors discovered that they could not vote, and they came by hundreds to the court asking relief. Many of them were long residents and property owners, and many of the names had been removed under a misinterpretation of the law.

We are discussing the question of notice of hearings before the primary election. There is a better opportunity for notice of hearings after the primary and before the general election. Before hearings, notice should be given in the public press and by any other proper means of the hearings and their purpose, and an effort should be made to apprise the individuals whose rights are involved. We cannot definitely prescribe the method. We are not prepared to say that there must be first actual notice to each individual.

A public hearing does not mean that the idle, the curious, the disturber, or the general public can be present. Counsel and other interested persons should be admitted so far as practicable.

The citizen who has been registered has a presumptive right to vote. It is one of his most valuable rights, and he is not to be deprived of it except upon sworn testimony or proper documentary evidence. The payment of taxes by agent is lawful. The payment by an agent of the taxes of large numbers of persons may raise suspicion of fraud, but suspicion is not fraud; fraud is not presumed, and the burden of proof is not on the citizen, it is upon the one attacking. There is no legal right to discriminate between lists by an arbitrary division that all below a certain number will be approved.

The commissioners have stated that they have followed and will follow the instructions of their counsel, and he stated to us that notice will be given and public hearings held.

Under these circumstances, a preliminary injunction should not be granted.

The question of jurisdiction was raised by motion in limine. The courts have said in cases in which the statement is applicable that a court of equity does

not have jurisdiction where no property rights are involved. The right of an elector cannot be taken away except by lawful procedure, and he has a remedy for an illegal deprivation. This statute gives no remedy, or, if we are mistaken and there is an implied right of appeal, it is not only not adequate but it is impossible.

It is argued that the action of the board affects only political or party rights. The answer is that the registration until revoked qualifies an elector for the general election, and when his name is stricken off he is deprived of his constitutional right.

### Order

September 16, 1933, the motion for preliminary injunction is overruled.

From William J. Aiken, Pittsburgh, Penna.